Richardson J.
delivered the opinion of the Court.
*395 The objection to the charge of the Judge, necessary to be considered, is as follows: That the Judge presiding at the trial, erred in charging the jury, that if Gomilion was not justifiable for his assault and battery upon the defendant, the amount of damages they might find for the plaintiff could be recovered by the defendant in his pending action against Gomilion, as special damages resulting from his assault and battery upon the person of the defendant.
It would be, perhaps, not incorrect, to say that the damages recovered against the defendant might go to aggravate or enhance his recovery against Gomilion, if he, Gomilion, had provoked the affray which resulted in the injury to Stephen Whatley, and gave rise to his recovery against the present defendant, Murrell. But this would be merely as one of the circumstantial facts, consequent to the allegation, if true, that Gomilion originated the affray between himself and Murrell.
But the charge of the Judge extends this idea, or argument, and lays it down as giving a legal right in Murrell to recover the amount that might be given to Stephen Whatley, as so much to be reimbursed to Murrell, in his action against Gomilion, as special damages. This converts an argmuent for Murrell, and perhaps a strong one, into a legal right of recovering so much. Special damages must be predicated upon the direct consequence oi the illegal act done, and flowing from it, (2 Greenleaf, 256; Smith 132, and his collection of cases on this subject,) and not upon any unfortunate occurrence or circumstance, merely attending such act, but requiring additional agencies; for instance, A. sells B. a horse warranted sound, that turns out to be infected with a contagious disease that injures other horses. But supposing no mala fules, B. could not recover for such consequences; yet it would be a strong argument for recovering the money he actually paid, with interest. But it would be argument, not law. There was, therefore, a judicial error in the charge, which might influence the verdict. This gives a right to a new trial, which is therefore ordered.